UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAAC ROGUEL GUERRA,
(A-240-174-369),

                    Petitioner,

          v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

                    Respondent.

No.  1:26-cv-02678-DC-SCR (HC)


ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS

(ECF Nos. 6, 9)

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 5, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  (ECF No. 9.)  On May 6, 2026, Respondent filed objections to the findings and recommendations for the reasons stated in their prior briefing.  (ECF No. 10.)  However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been

1

admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention). Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 9) are ADOPTED in full;

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is GRANTED;

3. Respondent's motion to dismiss (ECF No. 6) is DENIED;

4. Petitioner Isaac Roguel Guerra (A-240-174-369) shall be released immediately from Respondent's custody. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

5. If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

6. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal

and Petitioner receives notice of that final order of removal;

7. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

8. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **May 9, 2026**   _____

Dena Coggins
United States District Judge